UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PAUL COPELAND; COPELAND AUTO ELECTRIC, INC.; and COPELAND AUTOMOTIVE, LLC,

Plaintiffs,

v.   6:13-cv-70

AUTO-OWNERS INSURANCE COMPANY,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is Plaintiffs' Motion To Remand For Lack Of Subject Matter Jurisdiction. ECF No. 8. Plaintiffs assert that the amount in controversy in this matter does not exceed the $75,000 threshold necessary to support diversity jurisdiction. *Id.* at 2; 28 U.S.C. § 1332(a). Auto-Owners, after initially contesting remand, now stipulates that Plaintiffs seek no more than $74,999.99 and wish to withdraw their opposition. ECF No. 13. The Court, however, is not overly concerned with what the parties now have agreed to because "[t]he existence of federal jurisdiction,"—here determined by the amount in controversy—"is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). That said, the Court finds that the amount in controversy at the time of removal fell below the $75,000 threshold necessary to trigger diversity jurisdiction and so *GRANTS* Plaintiff's motion. *See* 28 U.S.C. § 1332(a).

### II. BACKGROUND

Plaintiffs originally brought this breach of contract action in Toombs County Superior Court. ECF No. 8 at 1. Plaintiffs alleged two causes of action, requesting "all damages allowed under Georgia law[;] . . . reasonable attorney fees and costs[;] . . . [and] other compensation this Court deems appropriate." ECF 1-3 at 7-8. Nowhere did Plaintiffs specify an amount of damages sought.

Auto-Owners then removed on the basis of diversity jurisdiction. ECF No. 8 at 2. Neither party contests diversity of citizenship. The only point of disagreement is whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### III. DISCUSSION

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). But "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319-20.

It is not facially apparent from Plaintiffs' complaint that the amount in controversy exceeds $75,000. The Court thus looks to

Auto-Owners' notice of removal. That too is lacking. Auto-Owners alleges no "underlying facts supporting," *id.* at 1321, its assertion that "[a] reasonable review of the complaint for damages and Defendant's knowledge of Plaintiffs' allegations indicates that the matter in controversy exceeds [$75,000]." ECF No. 1 at 2.

"Where the pleadings are inadequate, [courts] may review the record to find evidence" indicating the amount in controversy at the time of removal. *Williams*, 269 F.3d at 1320. In that vein, the parties have submitted a joint stipulation regarding the jurisdictional amount. ECF No. 13. Plaintiffs swear they will "not request or seek" more than the $65,548.43 in damages they say their claim is for. *Id.* at 1. Plaintiffs also disavow any claim to bad faith damages or attorney's fees under O.C.G.A. § 33-4-6. Lastly, Plaintiffs promise not to seek attorney's fees of any stripe that, "when combined with all other damages sought by the Plaintiffs," cause the amount in controversy to exceed $74,999. *Id.* at 2.

If courts could divest themselves of jurisdiction, the parties' stipulation would neatly end the remand discussion. But courts can't and the stipulation thus won't. *See Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (noting that "[f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"). Nevertheless, those parts of the stipulation purporting to detail what amount Plaintiffs claimed at the time of removal are relevant in assessing if jurisdiction exists. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 950 (11th Cir. 2000) (holding that district courts may consider post-removal petition affidavits if they are relevant to the amount in controversy at the time of removal).

As noted, Plaintiffs attest that their claims are for no more than $65,548.43. ECF No. 13 at 1. And the requested attorney's fees, "when combined with all other damages sought," allegedly do not exceed $74,999.99. *Id.* at 2. With no other evidence to the contrary—indeed, no other evidence period—the Court takes Plaintiffs at their word that, at the time of removal, they sought damages less than $75,000. Because 28 U.S.C. § 1332 requires both diversity and more than $75,000 in controversy, removal to this Court was improper.

IV. **CONCLUSION**

28 U.S.C. § 1332 requires both complete diversity among the parties and more than $75,000 in controversy in order for a district court to have subject matter jurisdiction. Although diversity is present here, the amount in controversy requirement has not been satisfied. The Court therefore *GRANTS* Plaintiffs motion to remand this case to the Superior Court of Toombs County, Georgia. ECF No. 8.

This 2⅓ day of September 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2